## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA AL-ALI (F/K/A JESSICA FIGUEROA), GERALDINE RONCAL AND MARITZA SOTELO, ON BEHALF OF THEMSELVES AND ALL OTHER PLAINTIFFS SIMILARLY SITUATED, KNOWN AND UNKNOWN, | ) ) ) ) ) ) ) | N<u>o</u>. 1:21-cv-2797 |
| Plaintiffs, | ) ) ) | **The Honorable Jeremy C. Daniel Presiding Judge** |
| v. | ) ) ) | The Honorable M. David Weisman Magistrate Judge |
| USA 1 WIRELESS, INC., USA 1 WIRELESS 1, INC., USA 1 WIRELESS 2, INC., USA 1 WIRELESS 3, INC., USA 1 WIRELESS 4, INC., USA 1 WIRELESS 5, INC., USA 1 WIRELESS 6, INC., USA 1 WIRELESS 7, INC., USA 1 WIRELESS 8, INC., USA 1 WIRELESS 9, INC., USA 1 WIRELESS 10, INC., MICHAEL J. YONO, INDIVIDUALLY AND DANI SCHAMMAMI, INDIVIDUALLY | ) ) ) ) ) ) ) ) ) ) ) ) ) | ***JURY DEMAND*** |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT
## AND ENTRY OF INTERIM JUDGMENT

**NOW COME** Plaintiffs, by their attorney of record, and in support of their Motion For Entry of Default and Entry of Interim Judgment, states as follows:

1. On approximately May 24, 2021, Plaintiffs filed this matter with the United States District Court, alleging violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and, under pendant jurisdiction pursuant to 29 USC §1367, the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq, the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1 et seq.

2.      On February 5, 2024, the Parties reported to this Court that the matter  was

resolved, and Magistrate Judge David Weismann (who oversaw the settlement process)

indicated in his Order that the Parties had reported "*defendant is ready and able to make the*

*required payments on February 15, 2024 and March 17, 2024, pursuant to the settlement*

*agreement".*  See Dkt. #111.

3.      Individual settlement agreements were drafted and agreed upon and on

January 30, 2024, Plaintiffs provided Defendants with fully executed copies of the

individual settlement agreement from all Plaintiffs.  See exemplar Settlement Agreement

of lead Plaintiff,  JESSICA AL-ALI, attached hereto as **Exhibit A**.

4.      On February 4, 2024, Defendants provided their fully executed copy of the

individual Settlement Agreements.

5.      Each individual Settlement Agreement provides that within 14 days of

Plaintiffs tendering fully executed Agreements and pertinent tax documents (the "Effective

Date"), Defendants would make an initial payment.  See paragraph 7(A) of **Exhibit A**.  On or

about February 15, 2024, Defendants made that initial payment.

6.      The Settlement Agreement further requires Defendants to make a second,

and final, payment within 45 days of the Effective Date, on or before March 17, 2024.  See

Paragraph 7 of **Exhibit A**.   The Settlement Agreement provides for a "grace period" of 30

days, or up to April 17, 2024.

7.      Defendant has failed to make the final payment as required under the

Settlement Agreement and is in default on the provisions of said Agreement.

8.      Defense counsel, Jordan A. Finfer, remains counsel of record for Defendants.

Despite various attempts to work with Defendants and their counsel in good faith so as to

finalize said payment obligations under the Settlement Agreement, Mr. Finfer nor his clients

have provided Plaintiffs' counsel or the Court with any information relating to compliance with the payment obligations.

9.      The operative Settlement Agreement provides for various enforcement tools in the event of default.  See Paragraph 7(C) of Exhibit A.  Paragraph 7(C) provides that in the event of default,  *"Plaintiff[s], unopposed by Defendants for any reason, may move the Court for a default Order and Confession of Judgment against Defendants for all outstanding amounts, including attorneys' fees associated with efforts related to motions and other work necessary to secure all payment of all amounts agreed to under this agreement"*.

10.      Defendants' second set of payments, for which they are currently in default, are as follows:

a)

| Name of Plaintiff | Net Settlement |
|---|---|
| Aiyln Corona | $      338.86 |
| Daniel Garcia | $   2,222.24 |
| Geraldina A Roncal | $   2,900.19 |
| Jessica Al Ali | $ 34,174.97 |
| Maritza Sotelo-Lagunas | $ 18,121.57 |
| Yamile Velasco | $   3,605.31 |
| Berniece Vargas Mireles | $      653.04 |
| Elan Watkins | $   3,860.17 |
| Jocelyn Diaz | $   1,024.91 |
| Karen Martinez Luna | $   1,385.21 |
| Maritza Sotelo-Lagunas | $      317.34 |
| Marlene Benitez | $      396.99 |
| Surena Nicole Haywood Collins | $      739.13 |
| Victoria Lopez | $      590.58 |
| Xiomara Izaguirre | $   9,173.01 |
| | $ 79,530.52 |

b)      Final Attorneys' fees to Billhorn Law Firm in the amount of $25,469.48.

11.    Plaintiffs' counsel will incur additional time, fees and costs in pursuit of this default judgement (post-judgment discovery and citations to discover assets, etc.) and reserves the right to petition the Court for those additional fees and costs consistent with the provisions of the terms of the Settlement Agreements.

**12.**    Plaintiffs hereby request this Court to enter this interim judgment against all Defendants and on behalf of all 14 Plaintiffs listed in Paragraph 10 above, in the aggregate amount of $79,530.52, as well as judgment for Billhorn Law Firm in the amount of $25,469.48.

WHEREFORE, Plaintiffs request this Court to enter an order granting their Motion For Entry of Interim Default Judgment, on behalf of Plaintiffs and Billhorn Law Firm, and against Defendants **USA 1 WIRELESS, INC., USA 1 WIRELESS 1, INC., USA 1 WIRELESS 2, INC., USA 1 WIRELESS 3, INC., USA 1 WIRELESS 4, INC., USA 1 WIRELESS 5, INC.,  USA 1 WIRELESS 6, INC., USA 1 WIRELESS 7, INC., USA 1 WIRELESS 8, INC., USA 1 WIRELESS 9, INC., USA 1 WIRELESS 10, INC., MICHAEL J. YONO, INDIVIDUALLY AND DANI SCHAMMAMI, INDIVIDUALLY,** in the amount of One Hundred-Five Thousand Dollars ($105,000.00), and for such other relief as the Court deems appropriate under the circumstances.

Respectfully Submitted

*Electronically Filed 04/22/2024*

s/ John W. Billhorn

_____

John W. Billhorn

BILLHORN LAW FIRM
53 W. Jackson Blvd.
Suite 1137
Chicago, IL 60604
(312) 853-1450

4